UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas B. Doherty & Elvie Doherty,　　　　Civil No.05-589 JRT/FLN

　　　　Plaintiff,

　　　　v.　　　　　　　　　　　**REPORT AND RECOMMENDATION**

Town & Country Credit,

　　　　Defendants.

_____

Richard Fuller and Jeremy Johnson, for Plaintiff.
James Langdon and Seth Leventhal, for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 2,

2005, on the Defendant's Motion to Dismiss [#3] and Plaintiffs' Motion to Remand [#6][1].  The

matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636

and Local Rule 72.1(c).  For the reasons which follow, this Court recommends that Defendant's

Motion to Dismiss [#3] and Plaintiffs' Motion to Remand [#6] should both be Denied.

## I.  BACKGROUND

　　Plaintiffs Thomas B. Doherty and Elvie Doherty ("Plaintiffs"), are residents of Minnesota.

(Complaint, ¶ 1).  Defendant Town & Country Credit Corporation ("Defendant" or "Town &

Country") is a Delaware corporation with its principal place of business in California, doing

business in Minnesota as a mortgage lender.  (Id., ¶¶ 7-8).  Defendant originates sub-prime mortgage

loans throughout the United States including loans on property located in Hennepin County,

Minnesota.  (Id., ¶ 7).  Plaintiffs bring this action on behalf of themselves, and others similarly

situated, to challenge Defendant's alleged practice of misrepresenting effective interest rates,

_____

[1] Defendant has also made a Motion to Strike an Affidavit [#21] which is addressed in a
separate Order.

charging interest at rates in excess of that agreed to by the party, and charging for illusory discounts. (Id., ¶ 1).

On December 24, 2002, Plaintiffs obtained a mortgage loan from Defendant. (Id., ¶10). In connection with that loan agreement, terms of the loan amount, fees, and interest rate were set forth. Plaintiffs claim their Mortgage Note listed the agreed upon interest at 10.25% yet they were later assessed an effective rate of interest on the loan of 10.666%, which exceeded the rate agreed to by the parties. (Id.). In addition, Plaintiffs were assessed a "loan discount" fee of $4,250.00. (Id., ¶ 12.). Plaintiffs describe that a "loan discount fee is commonly understood in the home mortgage industry to constitute an up-front charge paid by the borrower to the lender in order to obtain a lower interest rate than that for which the borrower would qualify in the absence of such a fee." (Id., ¶ 11). Plaintiffs understood that in paying such a fee, they would receive such a discount. (Id., ¶ 12). However, Plaintiffs did not receive such a discount, but rather they received the same interest rate for which they would have qualified without having paid the discount fee. (Id., ¶ 13).

Plaintiffs were also assessed additional loan fees paid to Defendants in the amount of $5,750.74. (Id., ¶ 14). These fees include but are not limited to the following; loan origination fees; loan discount fees; tax service fees; flood search fees; processing fees; administrative fees; document preparation fees; application fees; underwriting fees; prepaid interest fees; and settlement/disbursement fees. (Id., ¶ 19). Plaintiffs contend that under applicable Minnesota statutory and/or common law, these fees are properly deemed interest. (Id., ¶ 14). However, Plaintiffs allege that with these fees, which are properly treated as interest, the effective interest rate on Plaintiffs' loan exceeds the 10.25% agreed upon rate. Plaintiffs claim that the charging of interest at a greater rate than that agreed to, and failure to provide the loan discount, constitute breaches of contract.

On April 8, 2005, Plaintiffs filed this action on behalf of two national Classes. Class I

constitutes: "All borrowers throughout the United States, who, during the six-year period dating from the date of commencing this action and continuing through the conclusion of this action, entered into mortgages underwritten by Defendant in connection with which their settlement statements disclosed a loan discount fee was paid." (Id., ¶ 17). Class II includes: "All borrowers with mortgage loan secured by property located in the State of Minnesota, who, during the period dating back six-years from the date of commencing of this action and continuing through the conclusion of this action, entered into mortgages underwritten by Defendant in which fees defined as interest under applicable Minnesota statutory and/or common law were included in the principal of the loan." (Id.). Plaintiffs state that there are many thousand possible class members and that they can be identified from Defendant's records. (Id., ¶ 24). Plaintiffs also state that they will adequately protect the interests of the members of the Classes and that there are numerous questions of law and fact common to the Classes. (Id., ¶¶ 26, 27).

Plaintiffs assert the following Causes of Action on individually and on behalf of the Classes: First Cause of Action - Breach of Contract on behalf of Class I alleging that Defendant has breached its contracts with Plaintiffs and the members of Class I by charging or collecting a discount fee without reducing their interest rates to a rate less than the rate available to similarly situated lenders; Second Cause of Action - Breach of Contract on behalf of Class II alleging that Defendant has breached its contract with Plaintiffs and members of Class II by assessing interest at higher effective rate of interest than that agreed to in the Notes; Third Cause of Action - Deceptive Trade Practices on behalf of Class I with regards to the loan discount fee; Fourth Cause of Action - Deceptive Trade Practices on behalf of Class II in connection to the interest rate charged in the Notes; as well as Causes of Action for Accounting and Unjust Enrichment on behalf of all Classes.

Defendant argues that the Plaintiffs' loan transaction is clear and straightforward. Plaintiffs paid an up-front fee of $7,237.74 to Defendants for the purposes of securing the home mortgage loan

of $170,000 with an interest rate of 10.250%, and an Annual Percentage Rate ("APR") of 10.666%. (Affidavit of Marisa A. Hesse ("Hess Aff."), Ex. 1, Tabs A, C, and D).  Defendant contends that there was never a promise of a discounted interest rate in exchange for payment of the loan discount fee, and the interest rate was clearly described in the terms of the loan which Plaintiffs acknowledged and did not contest during the one-week rescission time or when they accepted the loan proceeds. Defendant argues that they are not liable for any misunderstanding or wishful thinking on the part of the Plaintiffs and that they executed the loan according to the clear terms agreed upon by both parties.

Defendant now Moves to Dismiss [#3] Plaintiffs' Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs also filed a Motion to Remand [#6] requesting that the case be remanded back to Minnesota State Court where it was originally filed.  For the reasons stated below, this Court recommends that Defendant's Motion to Dismiss [#3] and Plaintiffs' Motion to Remand [#6] should be Denied.

## II.  STANDARD OF REVIEW

In the case of a defendant's motion to dismiss, the complaint should only be dismissed if it appears beyond doubt that the plaintiff cannot prove any set of facts that would entitle him or her to relief. Schaller Tel. Co. v. Golden Sky. Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citing Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993)); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998)(a motion to dismiss is properly granted when there is no set of facts that would allow the plaintiff to recover).  The court is limited to considering the allegations of the complaint. County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 n.3 (8th Cir. 1997).  The Court is to assume the facts pleaded as true and to construe the facts in a light most favorable to the plaintiff. Gebhardt v. Con Agra Foods, Inc., 335 F.3d 824, 829 (8th Cir.

2003) (citing <u>United States v. Aceto Agr. Chemicals Corp.</u>, 872 F.2d 1373, 1376 (8th Cir. 1989)).

A party may bring a motion to dismiss under 12(b)(6) for the failure to state a claim upon which

relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A dismissal under 12(b)(6) should only be granted

in the unusual case in which a plaintiff includes "allegations that show on the face of the complaint

that there is some insuperable bar to relief."  <u>Parnes v. Gateway 2000, Inc.</u>, 122 F.3d 539, 546 (8th

Cir. 1997); <u>Frey v. City of Herculaneum</u>, 44 F.3d 667, 6761 (8th Cir.1995) (quoting <u>Bramlet v.

Wilson</u>, 495 F.2d 714, 716 (8th Cir. 1974)).  A Complaint "should not be dismissed if it is

reasonably conceivable that at the trial the plaintiff might establish a cause of action." <u>Cohen v. U.S.</u>,

129, F.2d 733 (8th Cir. 1942).

### III.  LEGAL ANALYSIS

**A.      Defendant's Motion to Dismiss [#3] Should Be Denied.**

Defendant contends that none of the causes of action in Plaintiffs' Complaint can survive.

This Court disagrees and finds that there are issues of fact remaining that Plaintiffs may be able to

prove, and if so, would be entitled to relief.

#### 1.      First Cause of Action

In their first cause of action, Plaintiffs allege Breach of Contract in connection with the loan

discount fee on behalf of Class I.  Included within the $7,237.74 up-front fee Plaintiffs paid for their

loan, was a $4,250.00 loan discount fee which Plaintiffs paid with the understanding that they would

receive a discounted interest rate in exchange.  Plaintiffs contend that Defendant failed to deliver

a discount for the loan discount fees paid.  Defendant argues that a discount was never promised and

the loan discount fee is the same as a loan origination fee which does not entitle anyone to a

discounted interest rate.

To state a claim for breach of contract, Plaintiffs must plead: (1) formation of a contract; (2)

performance by Plaintiffs of any conditions precedent; (3) a material breach of the contract by

Defendant; and (4) damages.  <u>Parkhill v. Minnesota Mutual Life Ins. Co.</u>, 174 F.Supp.2d 951, 961 (D.Minn. 2000).

The pleadings in this case present an issue of fact that must be resolved as to what the Parties agreed to.  Specifically, what the "loan discount fee" is, and whether the Plaintiffs received what they bargained for by paying such a fee.  These issues of fact make granting dismissal for failure to state a claim improper as to Plaintiffs,' first cause of action.  To grant Defendant's Motion to Dismiss on this Count would mean the Court would need to accept Defendants version of the contract and that Plaintiffs' was a mistake.  This Court is not inclined to do so at this time and recommends that Defendant's Motion to Dismiss [#3], insofar as it relates to Plaintiff's first cause of action, be Denied.

**2.      Second Cause of Action**

Plaintiffs' second cause of action alleges Breach of Contract in connection with the interest rate charged on behalf of Class II.  Plaintiffs contend they were charged a different rate of interest than that set forth in their Note.  The Defendant responds that Plaintiffs were charged the interest rate set forth in the Note, but that Plaintiffs are confusing the 10.25% interest rate with the 10.666% APR, as calculated under the federal statute, which was disclosed and agreed to by Plaintiffs in accordance with federal law.  Plaintiffs argue that the term "interest" under Minnesota law means the same thing as the federally defined APR.  As such, by agreeing in the Note to an "interest" rate of 10.25%, Plaintiffs claim Defendant promised that their interest rate would be 10.25%.

This Court is not entirely clear that Plaintiffs' analysis of Minnesota law regarding the meaning of "interest" is correct.  However, given the current state of the record and briefing, this Court is unprepared to say as a matter of law that there are no facts Plaintiffs could prove that would entitle them to relief.  Defendant's Motion to Dismiss [#3] should be Denied with regards to Plaintiff's second cause of action as well.

### 3.    Third Cause of Action

Plaintiffs' third cause of action alleges Deceptive Trade Practices related to the loan discount fee on behalf of Class I.  The Minnesota Deceptive Trade Practices Act includes as deceptive practices the making of a "false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions" as well as the engagement in "any other conduct which similarly creates a likelihood of confusion or of misunderstanding."  Minn. Stat. § 325D.44, subd. 1.

The pleadings in this case set up an issue of fact regarding what the parties intended when they used the term "loan discount fee".  Depending on what the fact finder determines, there is also an issue of whether the failure to discount the interest rate violates the Minnesota Deceptive Trade Practices Act.  The Court is unable to say that Plaintiffs will not be able to establish that what Defendant is alleged to have done constitutes a deceptive trade practice.  This Court recommends that insofar as Defendant's Motion to Dismiss [#3] relates to Plaintiff's third cause of action, the Motion should be Denied.

### 4.    Fourth Cause of Action

In their fourth cause of action, Plaintiffs allege Deceptive Trade Practices in relation to the interest rate charged in the Note on behalf of Class II.  For the same reasons this Court is unprepared to say that there are no set of facts that Plaintiffs could prove that would establish their Breach of Contract claim, this Court concludes that the Complaint sets forth a claim under the Deceptive Trade Practices Act.  If Plaintiffs were assessed an interest rate different than the rate set forth in the Note (which they may or may not be able to establish under Minnesota law), this Court is unwilling to find that Plaintiffs would not be able to establish that such an occurrence constituted a deceptive trade practice under the Act.  As such, this Court also recommends that Defendant's Motion to Dismiss [#3] Plaintiffs' fourth cause of action should also be Denied.

### 5.    Plaintiff's Claim for Accounting

Plaintiffs also attempt to state a claim for an Accounting on behalf of all Classes to determine the amounts Plaintiffs and class members have been overcharged or otherwise damaged.  To obtain such equitable relief, Plaintiffs must demonstrate that a fiduciary relationship existed between them and the Defendant.  <u>Security Sav. Bank v. Green Tree Acceptance, Inc.</u>, 739 F.Supp. 1342, 1352 (D. Minn. 1990).  Defendant alleges that notice was given to establish that no agency, and hence no fiduciary relationship, existed.  Plaintiffs contend that such notice was never given.  Evidence of such notice or lack thereof has not been presented.

Whether Plaintiffs state a claim for an Accounting appears to turn on whether there is a fiduciary relationship between the Parties.  Whether there is such a relationship turns on facts not yet in evidence.  As such, this Court recommends that Defendant's Motion to Dismiss [#3] Plaintiffs' claim for an Accounting should be Denied.

### 6.    Plaintiffs' Claim for Unjust Enrichment

Plaintiffs also include a claim for Unjust Enrichment on behalf of all Classes calling for the refund of all Defendant's ill-gotten gains in the form of restitution to Plaintiffs and class members pursuant to their claims of deceptive trade practices.  While a claim for unjust enrichment may not lie for breach of contract claims, it is an acceptable alternative claim for injuries resulting from a tort claim such as deceptive trade practices.  As such, Plaintiffs are entitled to plead in the alternative a claim for Unjust Enrichment.  Insofar as Defendant seeks to dismiss that portion of Plaintiffs' Complaint, the Motion [#3] should be Denied.

## B.    Plaintiff's Motion to Remand [#6] Should Be Denied.

Plaintiffs initially filed this Complaint with the Minnesota State Court.  On March 18, 2005, Defendants filed a Notice of Removal to federal court on the grounds that federal court has jurisdiction over the action pursuant to the Class action Fairness Act of 2005 ("CAFA") in that it

is a class action and the amount in controversy exceeds the required $5,000,000 [#1]. Plaintiffs now move to Remand [#6] this case to Minnesota State Court on the grounds that the CAFA does not apply to this action because Plaintiffs served their Complaint a few hours before the CAFA was signed into law. Plaintiffs also argue for removal on the grounds that the amount of damage attributable to the classes does not reach the federal jurisdiction requirement of $5,000,000. This Court recommends that Plaintiff's Motion to Remand [#6] be Denied.

First, the CAFA was signed into law on February 18, 2005 and applies to all actions commenced on or after the date of enactment. Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat.4 (2005). Plaintiffs filed their Complaint in this case on February 18, 2005. As such, the CAFA applies to this case to establish grounds for federal jurisdiction.

Second, there is clearly $5,000,000 worth in damages attributable to the classes. According to the Complaint, Plaintiffs and each class member seek $7,100.00, but in no case exceeding $75,000, as well as refunds of overcharges. Given that Plaintiffs already seek up to $75,000, only a few hundred loan are needed to reach the $5,000,000 aggregated amount required by CAFA. Richard Heldt, the Director of Legal and Compliance for Defendant, stated in support of Defendant's Notice of Removal, that there would be several thousand loans within the definitions of Class I and II. See Notice of Removal [#1], Ex. B, Affidavit of Richard Heldt. In addition, Plaintiffs themselves have represented in their Complaint that there are potentially thousands that meet the specifications of the class. See Complaint, ¶ 24.

As such, jurisdiction is proper in this Court under the CAFA of 2005. Plaintiffs' Motion to Remand [#6] should be Denied.

### IV. CONCLUSION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [#3] be **DENIED** and Plaintiffs' Motion

to Remand [#6] should be **DENIED**.


Dated: August 11, 2005                    s/ *Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 30, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **August 30, 2005** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.