## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **THOMAS B. DOHERTY** and **ELVIE DOHERTY**, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>**TOWN AND COUNTRY CREDIT CORPORATION**,<br><br>　　　　　　　　　　　　Defendant. | Civil No.  05-589 (JRT/FLN)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Richard J. Fuller and Seymour J. Mansfield, **MANSFIELD TANICK & COHEN, P.A.**, 220 South Sixth Street, Suite 1700, Minneapolis, MN 55402, for plaintiffs.

James K. Langdon, Marisa A. Hesse, and Seth J. S. Leventhal, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for defendant.

Plaintiffs Thomas B. Doherty and Elvie Doherty ("plaintiffs"), on behalf of themselves and two classes of similarly situated borrowers, bring this class action lawsuit against defendant Town and Country Credit Corporation ("defendant"). Defendant moves to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

This matter is before the Court on defendant's objection to the Report and Recommendation of United States Magistrate Judge Franklin L. Noel, dated August 11, 2005. Defendant objects to portions of the Magistrate Judge's recommendation that the defendant's motion to dismiss be denied. The Court has reviewed *de novo* defendant's

objection to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court overrules defendant's objection and adopts the Report and Recommendation of the Magistrate Judge.[1]

## BACKGROUND[2]

Plaintiffs allege that they and members of the plaintiff classes have obtained home loans from defendant at effective interest rates exceeding that agreed to by the parties. Specifically, plaintiffs point to certain fees[3] that were included in the principal of the loan. Plaintiffs contend that these fees are interest and, under Minnesota law, cannot be included in the loan principal. When these fees are excluded from the principal, the amount of interest earned over the life of the loan, as evidenced in the "Total of Payments" amount set forth in the Truth-in-Lending disclosure statement, correspondingly increases. To earn the increased interest amount, the contract would have to bear an effective interest rate exceeding the rate of 10.25% as agreed to in their Note.

---

[1] The Magistrate Judge also recommends denying plaintiff's motion to remand this case to state court. Plaintiffs have not objected to this recommendation, and it is accordingly adopted.

[2] A complete discussion of the background of the case is set forth in the Report and Recommendation.

[3] Defendant states that the Magistrate Judge erred in implying that plaintiffs paid an origination fee as well as two loan discount fees. The Magistrate Judge's recitation of the facts is taken directly from the Complaint itself, however. Any error stems from the fact that the "various loan fees" referred to in paragraph 14 of the Complaint apparently include the loan discount fee described separately in paragraph 12, and the fact that in paragraph 19, the Complaint lists an origination fee as one of the fees charged. The Court is confident that the parties will be more precise as the case develops. At this stage of the proceedings, however, these discrepancies do not affect the Court's analysis.

ANALYSIS

I.   STANDARD OF REVIEW

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept the allegations of the Complaint as true and dismiss the case only when it appears beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief.  *See Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002).

II.   MOTION TO DISMISS

The Magistrate Judge recommends denying defendant's motion in its entirety. Defendant has objected only to that portion of the Report and Recommendation recommending denial of defendant's motion with respect to Counts II, IV, V, and VI of the Complaint.   The remainder of the Report and Recommendation to which defendant has not objected is accordingly adopted.

    A.   **Counts II and IV (Breach of Contract and Statutory Claims)**

Plaintiffs allege that charging them a rate of interest exceeding that shown on their Note is a breach of contract and a violation of Minn. Stat. §§§ 58.13, 325D.44, and 325F.69 (2004).  Defendant argues that plaintiffs have confused the rate in their Note with the Annual Percentage Rate ("APR") disclosed in the Truth-in-Lending Disclosure Statement.   Defendant points out that the APR is calculated according to federal regulations and does not necessarily have to match the "Note" rate.   While this information is interesting, at this stage of the proceedings it appears entirely beside the point. Plaintiffs have alleged that defendant, in contravention of Minnesota law, included

certain fees in the loan principal, which, when excluded, result in a rate exceeding that shown on their Note.  Defendant does not contend that it did not include such fees in the principal.  Defendant has not brought any countervailing authority to the Court's attention demonstrating that, contrary to plaintiffs' assertions, defendant permissibly included the fees in the loan principal under state law.  Nor has defendant taken issue with either plaintiffs' interpretation of law on this point or with plaintiffs' calculations respecting the rate they claim to have been charged.  Defendant's objection is therefore overruled.

### B. Count V (Accounting)

Plaintiffs seek an accounting to determine the amount of excess interest defendant allegedly charged and collected.  Defendant argues that to obtain the equitable relief of an accounting, plaintiffs must first establish that a fiduciary relationship existed between them and defendant.  *See Security Sav. Bank v. Green Tree Acceptance*, 739 F. Supp. 1342, 1352 (D. Minn. 1990).  While it is true that a lender-borrower relationship does not give rise to fiduciary duties absent special circumstances, *see H Enters. Int'l, Inc. v. General Elec. Capital Corp.*, 833 F. Supp. 1405, 1421 (D. Minn. 1993), the existence of such a duty is generally a question of fact, *see id*. at 1422.  While this issue may be susceptible of resolution at summary judgment, the Court is reluctant to conclude that plaintiffs could prove no set of facts giving rise to a fiduciary relationship at this stage.

### C. Count VI (Unjust Enrichment)

Finally, defendant urges the Court to dismiss plaintiffs' unjust enrichment claim because there is a valid contract governing the rights of the parties.  The Magistrate Judge

reasoned that an unjust enrichment claim is an acceptable alternative claim for injuries resulting from a tort claim such as deceptive trade practices, which plaintiffs have here alleged. Defendant counters that the Minnesota Deceptive Trade Practices Act does not permit private suits for damages. *See Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*, 603 N.W.2d 336, 338-39 (Minn. App. 1999). While that is true, it does not follow that plaintiffs' unjust enrichment claim must be dismissed. The Act provides that the injunctive relief it provides is in addition to remedies otherwise available at common law. *See* Minn. Stat. § 325D.45, subd. 3 (2004). Plaintiffs' claim for unjust enrichment is one such remedy. Because this case is still at the pleading stage, therefore, the Court will permit this claim to proceed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** defendant's objection [Docket No. 42] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 38]. **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss [Docket No. 3] is **DENIED.**

2. Plaintiffs' Motion to Remand [Docket No. 6] is **DENIED**.


DATED: September 29, 2005　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge